UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWLINE TRANSPORT, INC., a California corporation; et al.,<br><br>Defendants. | Case No. 1:24-cv-01602-JLT-SAB<br><br>ORDER TO SHOW CAUSE RE: JOINDER OF CLAIMANT(S) IN UNDERLYING ACTION |

The Court has received and reviewed the recently filed stipulation for entry of judgment in this insurance coverage dispute associated with an underlying personal injury action ("Underlying Action") following a motor vehicle collision in Flagstaff, Arizona in 2023 that ultimately resulted in the death of Kristen Schaefer. (*See* Doc. 27, ¶ 1.) Here, Plaintiff United States Liability Insurance Company (USLI) issued an excess liability insurance policy to Defendant Newline Transport, Inc. that contains an automobile exclusion. (*Id*., ¶ 2.) Considering the exclusion, the parties have, among other things, agreed that Plaintiff is entitled to a declaratory judgment indicating that no coverage is available for any damages or injuries resulting from the 2023 accident under USLI's excess liability policy. (*Id*. at 4.)

However, the Court is concerned that not all proper parties have been joined to this lawsuit. Federal Rule of Civil Procedure 19 provides:

   (a) Persons Required to Be Joined if Feasible.

1

    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

      (A) in that person's absence, the court cannot accord complete relief among existing parties; or

      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

    (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

            ***

    (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

      (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

      (2) the extent to which any prejudice could be lessened or avoided by:

        (A) protective provisions in the judgment;

        (B) shaping the relief; or

        (C) other measures;

      (3) whether a judgment rendered in the person's absence would be adequate; and

      (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As one judge in this District has explained:

    "The Ninth Circuit does not appear to have addressed the question of whether an injured third party is a necessary party to a declaratory judgment action between an insured and insured, and other courts

disagree when applying Rule 19 in this context." *Navigators Insurance Co. v. K & O Contracting, LLC*, No.3:12-cv-01324-ST, 2013 WL 1194722, at *2 (D. Or. Jan. 10, 2013) (citations and quotation marks omitted), *report and recommendation adopted*, 2013 WL 1194715 (D. Or. Mar. 21, 2013). The majority of courts have held under Rule 19(a) that an injured party "generally is a necessary party in a declaratory judgment action brought to determine the insurance coverage for the claim." *Greenberg v. Fireman's Fund Ins. Co.*, No. CV-07-1554-PHX-DGC, 2007 WL 4105990, at *2 (D. Ariz. Nov. 16, 2007) (collecting cases and concluding that the injured party is necessary); *see also Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354 n.5 (3d Cir. 1986) ("[I]n a declaratory judgment proceeding involving an [insurance] policy, an injured person is a 'necessary and proper' party.") (citation omitted); U.S. *Fire Ins. Co. v. The Milton Co.*, 938 F. Supp. 56, 57 (D.D.C. 1996) ("It is clear that an injured party is a necessary party in a declaratory judgment action brought to test the coverage of an insurance policy.") (emphasis in original); *U.S. Fidelity & Guar. Co. v. Ditoro*, 206 F. Supp. 528, 532-33 (M.D. Pa. 1962) (the injured party is "a necessary and proper party because the injured party has a material interest in the outcome of the suit"); *Georgia-Pacific Corp. v. Sentry Select Ins. Co.*, No. 05-CV-826-DRH, 2006 WL 1525678, at *8 (S.D. Ill. May 26, 2006) ("[W]hen dealing with an issue of insurance coverage, the underlying claimants are necessary parties, whether the declaratory judgment action is filed by the insured or the insurer."). However, other courts have concluded that the insured adequately protects the interests of the uninjured party. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3rd Cir. 2005); *CFI Wisconsin, Inc. v. Hartford Fire Ins. Co.*, 230 F.R.D. 552, 554 (W.D. Wis. 2005); Ace Am. Ins. Co. v. Paradise Divers, Inc., 216 F.R.D. 537, 540 (S.D. Fla. 2003). Some courts have rejected the notion that any protectable interest exists before the third-party obtains a judgment against the insured. *E.g., Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Ins. Co.*, 621 F. Supp. 96, 97-98 (S.D. W. Va. 1985).

*Colony Ins. Co. v. Vantaggio Farming Corp.*, No. 1:17-CV-00714 LJO SKO, 2017 WL 3478998, at *3–4 (E.D. Cal. Aug. 14, 2017) (compelling joinder of injured party to avoid risk of duplicative litigation and inconsistent obligations).

No party appears to have addressed this matter. Therefore, within 21 days of the date of this order, Plaintiff is ordered to show cause in writing why the claimant(s) in the Underlying Action should not be joined to this action under Rule 19 and/or why this case should not be dismissed if those claimants cannot be joined. To the extent Defendant wishes to join or respond, it shall so indicate within seven days of Plaintiff's filing and shall file its response within fourteen days of Plaintiff's filing. Unless the Court orders otherwise, the responses shall be no longer than 10 pages in length. No replies are authorized at this time and no hearing will be calendared unless

the Court specifically sets one.

IT IS SO ORDERED.

Dated:   **June 17, 2025**

UNITED STATES DISTRICT JUDGE

4