# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, a Nebraska corporation,<br><br>    Plaintiff,<br><br> v.<br><br>NEWLINE TRANSPORT, INC., a California corporation; GURJINDER SINGH, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:24-cv-01602-JLT-SAB<br><br>**[PROPOSED] JUDGMENT** |

## [PROPOSED] JUDGMENT

WHEREAS, this action arises from an underlying motor vehicle collision and wrongful death claim made by claimants Mark Schaefer and/or Roy Lee Felton, Jr. (collectively, "Underlying Claimants") against Newline Transport, Inc. ("NTI") and Gurjinder Singh following a motor vehicle collision on Interstate 40 Eastbound at milepost 207, in Flagstaff, Arizona on December 28, 2023 (the "Underlying Claim"), that ultimately resulted in the death of Kristen Schaefer ("Decedent").  Underlying Claimants Schaefer, who is Decedent's father and next-of-kin, and Felton assert

claims against NTI and/or Singh for bodily injury, wrongful death, and property damage arising out of the Underlying Claim.

WHEREAS, on December 30, 2024, United States Liability Insurance Company ("USLI") filed this action to seek a judicial declaration that no insurance coverage for the Underlying Claim was available under a USLI excess liability insurance policy issued to NTI effective on December 28, 2023, *i.e.*, policy no. XL 1606380C with effective dates July 9, 2023 to July 9, 2024 (the "USLI Excess Liability Policy").

WHEREAS, the USLI Excess Liability Policy includes a Schedule of Underlying Insurance identifying the underlying general liability carrier as Northfield Insurance Company and the underlying limits of insurance as $1,000,000 each occurrence and $2,000,000 in the general aggregate (the "Northfield Primary GL Policy"). Upon exhaustion of the applicable underlying limits of insurance, the USLI Excess Liability Policy attaches, providing an each occurrence and general aggregate limit of $5,000,000 above the underlying limits. The USLI Excess Liability Policy is the third annual renewal of excess liability policy no. XL 1606380, with effective dates of July 9, 2020 to July 9, 2021. The USLI Excess Policy was issued to NTI at its address in Fresno, California and includes a California State Amendatory Endorsement applicable to policies issued in California. A true and correct copy of the USLI Excess Liability Policy was attached as Exhibit A to USLI's Complaint for Declaratory Relief (ECF Doc. 1, pp. 16-45).

WHEREAS, among other things, the USLI Excess Liability Policy contains an Automobile Exclusion endorsement (Form No. XL-101 (5/07)), which states:

### AUTOMOBILE EXCLUSION

> This policy does not insure against "damages", including but not limited to the cost of defense, arising directly or indirectly, resulting from, based upon, happening through or in any way involving an "auto" including but not limited to uninsured motorist coverage or underinsured motorist coverage of any kind

       regardless of whether there is "underlying insurance" for such "damages" or coverage.

       All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

WHEREAS, Northfield Insurance Company issued primary general liability insurance policy no. WS568426, with effective dates of July 9, 2023 to July 9, 2024 to NTI as the named insured. The Northfield Primary GL Policy provides an each occurrence limit of $1,000,000 and $2,000,000 in the aggregate. The Northfield Primary GL Policy was issued to NTI at its address in Fresno, California. A true and correct copy of the Northfield Primary GL Policy was attached as Exhibit B to USLI's Complaint for Declaratory Relief (ECF Doc. 1, pp. 47-123).

WHEREAS, USLI and NTI have stipulated that USLI is entitled to a Judgment providing the declaratory relief it seeks in its Complaint for Declaratory Relief, that each of them shall bear their own attorney's fees and costs, and that they waive all rights to seek judicial review or otherwise challenge or contest the validity of their Stipulation for Entry of Judgment.[1]

**JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff United States Liability Insurance Company and against Defendant Newline Transport, Inc. on the grounds that:

1. No coverage is available for any damages or injuries resulting from the Motor Vehicle Collision under the USLI Excess Liability Policy because coverage for such damages and injuries is barred by the USLI Excess Liability Policy's automobile exclusion and the Northfield Primary GL Policy's automobile exclusion.

2. No coverage is available for the Underlying Claim under the USLI Excess Liability Policy because the Underlying Claim is barred from coverage by the

---

[1] After receiving and reviewing the parties' stipulation, the Court directed Plaintiff to personally serve the Underlying Claimants with relevant documents from this matter. (Doc. 33.) The Court further indicated that it would hold the request to enter a stipulated judgment in abeyance for 30 additional days. The Underlying Claimants were served more than 30 days ago, (Docs. 37, 41), and no other party has expressed any interest in joining this lawsuit or protesting the requested entry of judgment.

USLI Excess Liability Policy's automobile exclusion and the Northfield Primary GL Policy's automobile exclusion.

3. No insurance under the USLI Excess Liability Policy has attached for any damages or injuries resulting from the Motor Vehicle Collision under the USLI Excess Liability Policy because NTI has incurred no amount "in excess of the sums payable as 'damages' in the 'underlying insurance' or which would have been payable but for the exhaustion of the applicable Limit of Insurance" as required by the USLI Excess Liability Policy's insuring agreement.

4. No insurance under the USLI Excess Liability Policy has attached for the Underlying Claim because NTI has incurred no amount "in excess of the sums payable as 'damages' in the 'underlying insurance' or which would have been payable but for the exhaustion of the applicable Limit of Insurance" as required by the USLI Excess Liability Policy's insuring agreement; and

5. No coverage is available to Defendants for bodily injury that may have been sustained by Singh in connection with the Motor Vehicle Collision under the USLI Excess Liability Policy because both the USLI Excess Liability Policy and the Northfield Primary GL Policy exclude claims for bodily injury to an employee or contractor of NTI in connection with NTI's business.

IT IS SO ORDERED.

Dated:   **November 12, 2025**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE